## COLE ET AL. *v.* ARKANSAS.

No. 373. Argued February 4–5, 1948.—Decided March 8, 1948.

*David Rein* and *Joseph Forer* argued the cause for petitioners. With them on the brief was *Lee Pressman.*

*Oscar E. Ellis,* Assistant Attorney General of Arkansas, and *Shields M. Goodwin* argued the cause for respondent. With *Mr. Ellis* on the brief was *Guy E. Williams,* Attorney General.

MR. JUSTICE BLACK delivered the opinion of the Court.

The petitioners were convicted of a felony in an Arkansas state court and sentenced to serve one year in the state penitentiary. The State Supreme Court affirmed, one judge dissenting on the ground that the evidence was insufficient to sustain the convictions. 211 Ark. 836, 202 S. W. 2d 770. A petition for certiorari here alleged deprivation of important rights guaranteed by the Fourteenth Amendment. We granted certiorari because the record indicated that at least one of the questions presented was substantial. That question, in the present state of the record, is the only one we find it appropriate to consider. The question is: "Were the petitioners denied due process of law . . . in violation of the Fourteenth Amendment by the circumstance that their convictions were affirmed under a criminal statute for violation of which they had not been charged?"

The present convictions are under an information. The petitioners urge that the information charged them with a violation of § 2 of Act 193 of the 1943 Arkansas Legis-

lature and that they were tried and convicted of violating only § 2. The State Supreme Court affirmed their convictions on the ground that the information had charged and the evidence had shown that the petitioners had violated § 1 of the Arkansas Act which describes an offense separate and distinct from the offense described in § 2.

The information charged:

". . . Walter Ted Campbell, acting in concert with other persons, assembled at the Southern Cotton Oil Company's plant in Pulaski County, Arkansas, where a labor dispute existed, and by force and violence prevented Otha Williams from engaging in a lawful vocation. The said Roy Cole, Louis Jones and Jessie Bean,[1] in the County and State aforesaid, on the 26th day of December, 1945, did unlawfully and feloniously, acting in concert with eath [sic] other, promote, encourage and aid such unlawful assemblage, against the peace and dignity of the State of Arkansas."

The foregoing language describing the offense charged in the information is substantially identical with the following language of § 2 of the Arkansas Act. That section provides:

"It shall be unlawful for any person acting in concert with one or more other persons, to assemble at or near any place where a 'labor dispute' exists and by force or violence prevent . . . any person from engaging in any lawful vocation, or for any person acting . . . in concert with one or more other persons, to promote, encourage or aid any such unlawful assemblage."

---

[1] The State Supreme Court held that Bean's conviction was based on insufficient evidence, reversed his conviction, and directed that the cause be dismissed as to him.

The record indicates that at the request of the prosecuting attorney, the trial judge read § 2 to the jury. He then instructed them that § 2 "includes two offenses, first, the concert of action between two or more persons resulting in the prevention of a person by means of force and violence from engaging in a lawful vocation. And, second, in promoting, encouraging or aiding of such unlawful assemblage by concert of action among the defendants as is charged in the information here. The latter offense is the one on trial in this case."

The trial court also instructed the jury that they could not convict petitioners unless "convinced beyond a reasonable doubt that they promoted, encouraged, and aided in an unlawful assemblage at the plant of the Southern Cotton Oil Company, for the purpose of preventing Otha Williams from engaging in a lawful vocation." This instruction, like the preceding one, told the jury that the trial of petitioners was for violation of § 2, since § 2 makes an unlawful assemblage an ingredient of the offense it defines and § 1 [2] does not. Thus the petitioners were clearly tried and convicted by the jury for promoting an unlawful assemblage made an offense by § 2, and were not tried for the offense of using force and violence as described in § 1.[3]

---

[2] "Section 1. It shall be unlawful for any person by the use of force or violence, or threat of the use of force or violence, to prevent or attempt to prevent any person from engaging in any lawful vocation within this State. Any person guilty of violating this section shall be deemed guilty of a felony, and upon conviction thereof shall be punished by confinement in the State Penitentiary for not less than one (1) year, nor more than two (2) years." Act 193, Arkansas Acts of 1943.

[3] A previous conviction of petitioners under an indictment charging them with a violation of § 1 was set aside by the State Supreme Court because of the erroneous admission of evidence by the trial court. *Cole* v. *State*, 210 Ark. 433, 196 S. W. 2d 582.

When the case reached the State Supreme Court on appeal, that court recognized that the information as drawn did include a charge that petitioners violated § 2 of the Act. That court also held that the information accused petitioners of "using force and violence to prevent Williams from working," and that the "use of force or violence, or threat of the use of force or violence, is made unlawful by Sec. 1." For this reason the Supreme Court said that it affirmed the convictions of the petitioners "without invoking any part of Sec. 2 of the Act . . . ." That court accordingly refused to pass upon petitioners' federal constitutional challenges to § 2. It later denied a petition for rehearing in which petitioners argued: "To sustain a conviction on grounds not charged in the information and which the jury had no opportunity to pass upon, deprives the defendants of a fair trial and a trial by jury, and denies the defendants that due process of law guaranteed by the 14th Amendment to the United States Constitution."

We therefore have this situation. The petitioners read the information as charging them with an offense under § 2 of the Act, the language of which the information had used. The trial judge construed the information as charging an offense under § 2. He instructed the jury to that effect. He charged the jury that petitioners were on trial for the offense of promoting an unlawful assemblage, not for the offense "of using force and violence." Without completely ignoring the judge's charge, the jury could not have convicted petitioners for having committed the separate, distinct, and substantially different offense defined in § 1.[4] Yet the State Supreme Court refused to consider the validity of the convictions under

[4] "Under any reasonable construction Section 1 creates separate offenses, as does Section 2, and an indictment that alleges crimes covered by a part of Section 1 does not impose upon the defendant

§ 2, for violation of which petitioners were tried and convicted. It affirmed their convictions as though they had been tried for violating § 1, an offense for which they were neither tried nor convicted.

No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. *In re Oliver,* 333 U. S. 257, 273, decided today, and cases there cited. If, as the State Supreme Court held, petitioners were charged with a violation of § 1, it is doubtful both that the information fairly informed them of that charge and that they sought to defend themselves against such a charge; it is certain that they were not tried for or found guilty of it. It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made. *De Jonge* v. *Oregon,* 299 U. S. 353, 362.

Furthermore, since Arkansas provides for an appeal to the State Supreme Court and on that appeal considers questions raised under the Federal Constitution, the proceedings in that court are a part of the process of law under which the petitioners' convictions must stand or fall. *Frank* v. *Mangum,* 237 U. S. 309, 327. *Cf. Mooney* v. *Holohan,* 294 U. S. 103, 113. That court has not affirmed these convictions on the basis of the trial petitioners were afforded. The convictions were for a violation of § 2. Petitioners urged in the State Supreme Court that the evidence was insufficient to support their convictions of a violation of § 2. They also raised serious

a duty to defend under Section 2 or against 'threat' provisions of Section 1." *Cole* v. *State,* 210 Ark. 433, 441, 196 S. W. 2d 582, 586.

objections to the validity of that section under the Four-teenth Amendment to the Federal Constitution.[5]   None of their contentions were passed upon by the State Su-preme Court.   It affirmed their convictions as though they had been tried and convicted of a violation of § 1 when in truth they had been tried and convicted only of a violation of a single offense charged in § 2, an offense which is distinctly and substantially different from the offense charged in § 1.   To conform to due process of law, peti-tioners were entitled to have the validity of their convic-tions appraised on consideration of the case as it was tried and as the issues were determined in the trial court.

We are constrained to hold that the petitioners have been denied safeguards guaranteed by due process of law—safeguards essential to liberty in a government dedi-cated to justice under law.

In the present state of the record we cannot pass upon those contentions which challenge the validity of § 2 of the Arkansas Act.   The judgment is reversed and re-manded to the State Supreme Court for proceedings not inconsistent with this opinion.

*Reversed and remanded.*

---

[5] The objections pressed in the Arkansas Supreme Court and also argued here were: (1) that petitioners were deprived of freedom of speech and assembly by reason of their convictions under § 2; (2) that their convictions were based upon a statute or charges too vague and indefinite to conform to due process; and (3) that Act 193 deprived them of the equal protection of the laws by making certain conduct, which otherwise would have been a misdemeanor, a felony when committed by striking workmen.