**Paul SHERRILL, Petitioner,**

v.

**S. Rush NICHOLSON, Judge, et al., Respondents.**

Civ. A. No. C 81–0705 L(A).

United States District Court,
W. D. Kentucky,
Louisville Division.

May 3, 1982.

---

**574**

Martha A. Lawfer, Louisville, Ky., for petitioner.

Richard O. Wyatt, Asst. Atty. Gen., Frankfort, Ky., for respondents.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

This matter is before the Court on petitioner's request for issuance of a writ pursuant to 28 U.S.C. Sec. 2254, and on respondent's request for entry of summary judgment pursuant to Federal Rules of Civil Procedure 56. After careful consideration of the trial transcript and record and the arguments of the parties, the Court concludes that an evidentiary hearing would not assist in resolution of the issues herein. The Court further concludes that, as a matter of law, the writ must be granted in part and denied in part.

The facts of this case revolve around the Jefferson County Animal Shelter. The Shelter accepts animals which are brought in by their owners or which are picked up as being apparently lost or abandoned. These animals are held for a specific period of time, and if unclaimed they are then made available for sale to the public for a fee of $12.50 per dog. In order to safeguard the privacy of the previous owner, none of the dogs is reconveyed with American Kennel Club (AKC) registration papers even if such are available for the animal.

The evidence at petitioner's trial tended to show a scheme whereby petitioner would regularly visit the Shelter, examine the dogs to be offered to the public, and select those dogs which gave the appearance of pure breeding, paying the standard $12.50 fee. Considered in the light most favorable to respondent, the evidence further indicates that petitioner would then proceed to resell those animals under the representation that they were registered animals commanding a price much higher than $12.50, providing fraudulent AKC registration papers to accompany them.

After the suspicions of Shelter personnel were raised, an arrangement was made with the Jefferson County Police Department to mark dogs which appeared to be the type which would interest petitioner. If these animals were purchased by petitioner, the undercover officers would then attempt to repurchase the dogs from him. Three marked dogs were resold to undercover officers in this manner, each being sold by petitioner as a registered animal, and each being accompanied by illicit AKC registration papers. As a result of these sales, petitioner was indicted and ultimately convicted of three counts of the offense of theft by deception, K.R.S. 514.040.

K.R.S. 514.040 provides, in relevant part, as follows:

(1) A person is guilty of theft by deception when he obtains property of another by deception with intent to deprive him thereof. A person deceives when he intentionally:

(a) Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind;

. . . .

■ Petitioner argues that his convictions for violation of this statute were obtained without the constitutionally required "proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In Re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). He argues that the element of deception was not proven, since the undercover officers who purchased the animals had no "false impression . . . as to law, value, intention or other state of mind." Indeed, the testimony of the undercover officers was to the effect that they purchased the dogs *solely because* they recognized the previously placed markings on the dogs as identifying those animals as having come from the Shelter, thus not capable of being registered.

We believe petitioner's argument to be well-taken. It is ordinarily not the province of the United States District Court to interpret criminal statutes; however, when a statute is clear on its face, interpretation by the highest court of the state is unnecessary. Such a situation was presented in *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), which involved an ordinance clearly setting out three elements constituting the offense of loitering. Finding that the prosecution had failed to present evidence as to all three elements, the Court overturned the conviction as failing to comport with due process of law.

Similarly, in *Garner v. Louisiana*, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961), the Court dealt with convictions under a Louisiana statute prohibiting disturbing the peace. While the Court believed that it understood correctly the interpretation of the statute which had previously been given by the highest court of the state, because the case came from a state court and necessitated "a delicate involvement in federal-state relations," the Court also considered the broadest possible construction which was consistent with the plain language of the statute. Finding a lack of evidence as to each element, even under the broad interpretation, the Court overturned the convictions as being in violation of constitutional guarantees of due process of law.

■ The due process considerations implicated by the present petition serve not only to insure that citizens have fair warning of the specific behavior which will subject them to criminal penalties, *Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939), but also to insure that the accused has a fair opportunity to know the charge and defend against it, *In Re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), and to avoid the taint of arbitrary action by the criminal justice system. *Cole v. Arkansas*, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948). Respondent argues that police and prosecution practices such as those which led to this conviction are the only methods by which K.R.S. 514.040 can be enforced against schemes such as petitioner is alleged to have devised. It is clear, however, that there is no authority for the proposition that difficulty of enforcement releases the state from the constraints of the due process clause.

■ There is, perhaps, some basic sociological sense of accountability which chafes at the notion of vacating a conviction in the face of evidence which seems to indicate that petitioner had guilty intent and took every step necessary for completion of the crime. Nonetheless, in the comparable situation in which a victim lives despite the assailant's best efforts and ample murderous intent, it is clear that due process would not countenance a conviction under a murder statute which included homicide as an element. This contrasts with the situation in a case such as *Knutson v. Brewer*, 619 F.2d 747 (8th Cir. 1980), in which the Court observed:

> When a person does an act that he well knows to be a violation of some law, and when a statute is later interpreted to cover his conduct *in a way that does not do violence to the ordinary understanding*

**576**

*of the English language,* the Fourteenth Amendment is not offended.

*Knutson, supra,* at p. 750 (Emphasis added).

 It is irrelevant to our inquiry here whether petitioner might have been properly convicted of violation of K.R.S. 506.010, which criminalizes conduct which would have been a crime if the attendant circumstances were as the actor believed them to be. See, e.g., *Cole v. Arkansas, supra; Garner v. Louisiana, supra.* It is sufficient to justify the issuance of the writ that the statute under which petitioner was indicted includes as a specific element "deception," which is defined in the statute, and that no evidence of deception was introduced at petitioner's trial.

 Petitioner was also convicted of two counts of bribery of a public servant, K.R.S. 521.020. In connection with these convictions, petitioner contends that he was improperly denied an instruction regarding the defense of entrapment. The defense of entrapment is not of constitutional dimensions. *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). States have wide discretion to fashion their own rules of criminal procedure, *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), and it is beyond our authority to examine whether those rules have been correctly applied. On the facts of this case, this contention does not raise any issue of violation of federally protected rights, and the writ will be denied as to these convictions.

A judgment in conformity herewith has this day been issued.