953 F.2d 637
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mitchell Bias DUNLOW, Petitioner-Appellant,
v.
COMMONWEALTH OF VIRGINIA, Respondent-Appellee.
 No. 91-6117.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 26, 1991.
Decided Jan. 22, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-90-1543-AM)
 Mitchell Bias Dunlow, appellant pro se.
 Thomas Cauthorne Daniel, Assistant Attorney General, Richmond, Va., for appellee.
 E.D.Va.
 DISMISSED.
 Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Mitchell Bias Dunlow, a Virginia prisoner, seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. § 2254 (1988). Though we deny a certificate of probable cause to appeal and dismiss this appeal, we do so on reasoning somewhat different from that used by the district court.
 
 
 2
 Dunlow was convicted, following a bench trial, under an indictment charging burglary while carrying a deadly weapon and possession of burglary tools. Police responding to a silent alarm at the Virginia Beach Public Library observed Dunlow inside the library holding both a crowbar and a handgun. Though Dunlow attempted to elude the officers, he was ultimately apprehended and admitted both his possession of the crowbar and the weapon, as well as breaking into the library.
 
 
 3
 Prior to trial the Commonwealth obtained an amendment to the burglary count. Dunlow had originally been charged with statutory burglary; the amendment changed the charge to burglary while carrying a deadly weapon. The amendment allowed the Commonwealth to secure an enhanced penalty. The amendment was allowed over Dunlow's objection and Dunlow was given a four-week continuance to prepare for the new charges.
 
 
 4
 At trial Dunlow was convicted and his petitions for leave to appeal to both the Virginia Court of Appeals and the Virginia Supreme Court were denied. Dunlow subsequently filed a petition for habeas corpus with the Virginia Supreme Court. This petition was denied as well. Dunlow then filed the present petition under § 2254 raising claims identical to those raised in the state habeas petition.
 
 
 5
 It has long been settled that the Fifth Amendment's guarantee of an indictment by a grand jury applies only to the federal courts, and does not bind the states. Branzburg v. Hayes, 408 U.S. 665, 788 n. 25 (1972); Hurtado v. California, 110 U.S. 516 (1884). Because Dunlow has no constitutional right to an indictment in this case, he cannot state a claim under § 2254 arising from any alleged impropriety in the amendment process. Because Dunlow received a four-week continuance after the amendment was allowed, in order to respond to the new charges, he cannot make a general due process argument that he was forced to go to trial without knowledge of the charges against him. See Cole v. Arkansas, 333 U.S. 196 (1948).
 
 
 6
 The district court dismissed Dunlow's claim four, relating to the trial court's refusal to appoint new counsel for Dunlow on appeal, as procedurally barred. Though Dunlow may have been able to show cause for the default, cf. Alston v. Garrison, 720 F.2d 812, 816 (4th Cir.1983), cert. denied, 468 U.S. 1219 (1984), he would not have been able to demonstrate any prejudice arising from the default because the trial court properly declined to appoint new counsel for appeal, see Payne v. Commonwealth, 357 S.E.2d 500, 509 (Va.), cert. denied, 484 U.S. 933 (1987).
 
 
 7
 Accordingly, the district court properly denied relief on these claims. We deny a certificate of probable cause to appeal and dismiss the appeal on the remainder of the claims on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.