979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert ANDERSON, Petitioner-Appellant,
v.
Howard S. PETERS III,** Director,
Department of Corrections of the State of
Illinois, Respondent-Appellee.
 No. 92-1108.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 19, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant Robert Anderson appeals from the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Anderson was convicted by an Illinois trial court of three counts of criminal sexual assault. Because Anderson's victim was deaf, the trial court sentenced him to a twenty-two year extended sentence pursuant to Ill.Rev.Stat. ch. 38, p 1005-5-3.2(b)(3)(iii), which provides that one justification for imposing an extended term sentence is that the victim is physically handicapped.[1] A victim's handicap is an aggravating factor, however, only if it "impairs the ability of the person to avoid or prevent the commission of the offense." Ill.Rev.Stat. ch. 38, p 1005-5-3.2(3)(iii). Anderson contended on direct appeal that the victim's deafness did not increase her vulnerability to the sexual assault. The Illinois Court of Appeals affirmed Anderson's conviction and sentence. In his habeas corpus action, Anderson contended that the Illinois Court of Appeals abridged his fourteenth amendment right to due process by refusing to address his argument concerning his extended term sentence in its opinion affirming the trial court. The district court found that the Illinois appellate court had obliquely addressed the extended sentencing argument and that Anderson had no grounds for alleging a due process violation. We affirm.
 
 
 2
 When imposing the extended term sentence, the Illinois trial court found that Anderson was aware of his victim's handicap and that her deafness limited her ability to avoid or prevent the sexual assault. Sentencing Transcript, at 232. The sentencing court also stated, "Considering all of the factors, the repeated felony violations, the nature of entering into a person's home at night, the nature of the sexual assaults, I believe that this is a case for an extended term." Sentencing Transcript, at 233. The defendant unsuccessfully sought a rehearing in the appellate court and petitioned the Illinois Supreme Court in vain for leave to appeal. In both the motion for rehearing and the petition for leave to appeal, Anderson argued that he had been denied due process by the appellate court's refusal to address his claim that he was ineligible for an extended term sentence.
 
 
 3
 The crux of Anderson's petition for habeas corpus was his claim that the Illinois Court of Appeals evaded the issue concerning his eligibility for an extended term sentence under Ill.Rev.Stat. ch. 38, p 1005-5-3.2(b)(3)(iii), and thereby abridged his right to due process by deciding his appeal on an issue that he did not raise and which did not apply to his case. Anderson asserts that the reviewing court flouted his due process rights in the same manner as that which the Supreme Court condemned in Cole v. Arkansas, 333 U.S. 196 (1948).
 
 
 4
 As the district court correctly noted, however, Cole is readily distinguishable. The defendants in Cole were tried and convicted of violating an Arkansas statute that prohibited one from promoting unlawful assemblage for the purpose of preventing a worker from engaging in a lawful vocation. On appeal to the Arkansas Supreme Court, the defendants raised several federal constitutional challenges to the statute they were convicted of violating, section 2 of Act 193 of the 1943 Arkansas Legislature. Rather than address the defendants' constitutional arguments, the Arkansas Supreme Court affirmed the convictions on the ground that the generally-worded indictment also implicitly accused the defendants of violating section 1 of the Arkansas Act, which proscribed the use or threatened use of force or violence to discourage a worker from engaging in a lawful vocation. Although the indictment did not invoke section 1 and the jury was not instructed on the section 1 offense, the Arkansas court held that the evidence presented at trial would have supported a section 1 conviction. The United States Supreme Court held that the Arkansas Supreme Court had violated the defendants' procedural due process right to notice of the specific charge against them and the right to be heard in a trial on the issues raised by that charge. Id. at 201. The Supreme Court also found that by affirming the defendants' convictions under a different statute than that under which they had been tried and convicted, the Arkansas Supreme Court had deprived the appellants of their right to appellate review of their case as it was tried and on the issues determined at trial. Id. at 202.
 
 
 5
 The Illinois Court of Appeals twice stated in its opinion affirming Anderson's conviction and sentence that one of the issues raised by the defendant that it was obliged to resolve was whether the trial court erred in considering the victim's deafness as an aggravating factor for the purpose of imposing an extended term sentence. People v. Anderson, No. 87-1728, slip op. at 2, 9 (Ill.App. March 30, 1990). The appellate court resolved the issue by simply declaring that there was "adequate evidence in the record to support the trial court's imposition of the extended term". Id. at 10. The only discussion of the extended term, however, concerned the collateral issue of whether the trial court abused its discretion by considering nonstatutory factors in addition to the victim's handicap. Id. at 9-10. Thus, unlike the appellate review of the convictions in Cole, the Illinois Court of Appeals squarely resolved the extended term issue raised on appeal, albeit in a perfunctory manner. The appellate court's consideration of the propriety of the trial court's reliance on additional factors favoring an extended term sentence does not diminish its unambiguous holding that the evidence supported imposition of the extended term. Implicit in the appellate court's accurate summary and eventual rejection of the sentencing argument that Anderson raised on appeal is a finding that the trial court did not abuse its discretion in deciding that the victim's deafness impaired or prevented her from avoiding the criminal act.
 
 
 6
 After a fair reading of the appellate court's opinion, all that remains of Anderson's contention is that the Illinois Court of Appeals failed to supply an adequate explanation in support of its judgment. The judgment, however, has preclusive effect; the reasoning supporting it or the lack of reasoning satisfying to the litigants does not. See Kremer v. Chemical Constr. Corp., 456 U.S. 461, 480 (1982) (a state court's judgment necessarily conclusively establishes propositions of state law, even though the court did not write an opinion); Harris Trust & Savings Bank v. Ellis, 810 F.2d 700, 705 (7th Cir.1987) (giving preclusive effect to a perfunctory and unreasoned finding because it was essential to the judgment). The Illinois Supreme Court has also recognized that what has been adjudicated must be determined not from the reasoning contained in a written opinion, but instead from a consideration of the judgment actually entered in reference to the issues presented to the appellate court for decision. York v. Stiefel, 99 Ill.2d 312, 319, 458 N.E.2d 488, 492 (Ill.1983); Adams v. Pearson, 411 Ill. 431, 433, 104 N.E.2d 267, 270 (Ill.1952). As the Supreme Court held in Cole v. Arkansas, 333 U.S. 196, litigants have a due process right to have their case appraised on the basis of consideration of the case as tried and the issues determined at trial. Cole does not endow litigants with a due process right to reasoning they deem satisfying for judgments; rather, the Court required only appellate review that comports with due process when a right to appeal is provided. The issues concerning Anderson's eligibility for extended term sentencing and whether the appellate court applied the appropriate standard of review are questions of state law that cannot support the issuance of a writ of habeas corpus. Pulley v. Harris, 465 U.S. 37, 41 (1984); Bates v. McCaughtry, 934 F.2d 99, 102-03 (7th Cir.), cert. denied, 112 S.Ct. 318 (1991).
 
 
 7
 The district court's denial of Anderson's petition for a writ of habeas corpus is therefore AFFIRMED.
 
 
 
 *
 After a preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Mr. Peters has been substituted for Kenneth McGinnis pursuant to Fed.R.App.P. 43(c)(1)
 
 
 [1]
 Under Illinois law, criminal sexual assault is a Class 2 felony with a sentencing range of four to fifteen years. Ill.Rev.Stat. ch. 38, p 1005-8-1(a)(4). If a defendant is eligible for extended term sentencing, the sentencing range for the offense increases to fifteen to thirty years. Ill.Rev.Stat. ch. 38, p 1005-8-2(b)(3)