**Miguel TROCHES, Petitioner—Appellant,**

v.

**Cal A. TERHUNE, Director, Department of Corrections, Respondent—Appellee.**

No. 02–56873.

D.C. No. CV–98–03011–WDK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2003.

Decided Aug. 13, 2003.

Before ALDISERT,* TALLMAN, and RAWLINSON, Circuit Judges.

* The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Cir-

MEMORANDUM **

■ In his habeas petition, Miguel Troches contended that the state trial court committed constitutional error by allowing the amendment of the information to include a second-degree burglary charge. Troches, however, failed to demonstrate that the state court's decision was contrary to or an unreasonable application of clearly established United States Supreme Court precedent. *See Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003). Neither *Cole v. Arkansas,* 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948), nor *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), foreclose the premise that constitutionally adequate notice may come from evidence presented at trial. *See Stephens v. Borg,* 59 F.3d 932, 936 (9th Cir.1995).

■ Troches' case is distinguishable from *Gray v. Raines,* 662 F.2d 569 (9th Cir.1981). Unlike the defendant in *Gray,* Troches could not claim that his intent to commit burglary was his "entire defense." *See id.* at 573. Rather, Troches' testimony was an admission that supported amendment of the information, since California law permits the amendment of an information at any point in the proceedings. *See* Cal.Penal Code § 1009. The trial testimony and evidence therefore provided constitutionally adequate notice of the burglary charge. *See Murtishaw v. Woodford,* 255 F.3d 926, 954 (9th Cir.2001) (citation omitted).

PETITION DENIED.

cuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.