**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAP KRAY, | No. 08-35711 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-05521-RBL |
| v. | |
| BELINDA STEWART, Superintendent of Stafford Creek Correctional Center; ROB MCKENNA, Attorney General of the State of Washington, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted June 5, 2009
Seattle, Washington

Before: CANBY and N.R. SMITH, Circuit Judges, and PRO,[**] District Judge.

Sap Kray appeals the district court's denial of his habeas petition,

challenging his underlying state court conviction for first degree murder. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

affirm.

A jury convicted Kray of first degree murder of a police officer who was attempting, with other officers, to arrest Kray. Kray defended on the ground of self-defense.

Kray appealed his conviction, contending, among other things, that the district court erred in instructing the jury that the defense of self-defense was not available to an "aggressor." The Washington Court of Appeals held that any error in the instruction was harmless on the ground that Kray was not entitled to resist the arrest because "(1) the police used force that, while deadly, was lawful and not excessive under the circumstances, and (2) Kray created the need for police to use deadly force." *State v. Kray*, No. 24680-5-II, 114 Wash. App. 1052, 2002 WL 31732682, at *6, slip op. (Wash. Ct. App. Dec. 6, 2002).

Kray contends that this harmless error ruling by the Washington Court of Appeals introduced, and held to be satisfied, new elements of the crime against which Kray had not had an opportunity to defend. Kray argues that the Washington court thereby violated the Sixth Amendment as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000), and *Cole v. Arkansas*, 333 U.S. 196, 202 (1948). We reject Kray's contention.

At Kray's trial, the government was required to prove either that Kray did

2

not act in self-defense or that Kray was the aggressor. The jury was instructed that self-defense rendered a homicide justifiable if the killer reasonably believed that the person killed intended to inflict death or great personal injury and that there was imminent danger of such harm. The court also instructed the jury that self-defense was not available as a defense if Kray was the aggressor and his acts promoted the conflict. Finally, the court instructed that the use of deadly force by police is justifiable "when necessarily used" to effect a felony arrest. "Necessary" was defined to require, among other things, that "the amount of force used was reasonable to effect the lawful purpose intended." The jury was also instructed as to what constitutes reasonable force in effecting an arrest. These matters were all contested at trial.

The Washington Court of Appeals did not violate Kray's constitutional rights when it ruled that any error in the "aggressor" self-defense instruction was harmless because Kray was not entitled to a self-defense jury instruction. The appellate court's findings that the force the police used against Kray was not excessive, and that Kray had created the need for such force, were litigated during Kray's trial and thus did not deprive him of any defense. At trial, Kray disputed the reasonableness of the Tacoma Police Department's decision to use a SWAT team to arrest him. *See State v. Westlund*, 13 Wash. App. 460, 466 (Wash. Ct.

3

App. 1975) (holding that an arrestee's resistance of excessive force by a known police officer, effecting a lawful arrest, is justified only if the arrestee was about to be seriously injured). Kray's lawyer argued in the closing statement that his conduct at his wife's place of work the night before his violent confrontation with the police did not create the need for the use of force in his arrest. Kray's trial accordingly decided the disputed factual questions upon which the appellate court relied in observing that Kray was not entitled to a self-defense instruction.

The harmless error ruling of the Washington Court of Appeals did not violate *Apprendi*, which requires the jury to find any facts (other than prior convictions) that increase the maximum sentence that may be imposed on a defendant. *Apprendi*, 530 U.S. at 490. Nor did the ruling violate the Sixth Amendment, which does not apply to appellate proceedings. *See Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 160-61 (2000). The Washington Court of Appeals did not affirm Kray's conviction on a charge different from the ones of which he was given notice, in violation of *Cole*, 333 U.S. at 201. Indeed, even if the Washington Court of Appeals erred in its harmless error ruling, which we do not hold, Kray would stand convicted on an instruction that was erroneous under state law, which is not cognizable on federal habeas corpus review. *See Gilmore v. Taylor*, 508 U.S. 333, 344 (1993).

The Washington Court of Appeals also did not violate Kray's constitutional right to confront witnesses when it upheld the trial court's decision to exclude as privileged statements made by police officers at counseling sessions and testimony about the sessions themselves. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (holding that a confrontation clause violation is subject to harmless error analysis). Even if the exclusion of the privileged material were wrong, the error would be harmless because Kray elicited the information in other ways. For example, Kray was able to establish on cross-examination that the police officers' memories of who fired the first shot were inconsistent with each other and with their own prior statements. The jury learned that some of the officers had initially said or thought that the police fired first, but then reversed themselves later. Kray was also able on cross-examination to ask the officers why their recollections had changed. Excluding the privileged material did not keep Kray from meaningfully cross-examining the officers.

We conclude, therefore, that Kray has failed to demonstrate that his state court conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Federal relief by habeas corpus is therefore precluded. *Id.*

5

The judgment of the district court is

**AFFIRMED.**