**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRELL C. ODEN,

                Petitioner - Appellant,

  v.

MIKE KNOWLES, Warden,

                Respondent - Appellee.

No. 08-55484

D.C. No. 2:06-cv-07512-AHS-
AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Argued and Submitted April 12, 2011
Pasadena, California

Before: BYBEE and M. SMITH, Circuit Judges, and DAWSON, District Judge.[**]

    Terrell C. Oden, a California state prisoner, appeals the district court's denial

of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of

first degree murder and conspiracy to commit murder. Oden contends he was

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Kent J. Dawson, United States District Judge for the
District of Nevada, sitting by designation.

charged with a gun *use* enhancement, the penalty for which is ten years, but was convicted of and sentenced for a gun *discharge* enhancement carrying a twenty-five-years-to-life penalty for which he did not receive notice. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.[1]

The Sixth Amendment guarantees a criminal defendant the right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense. *See In re Oliver*, 333 U.S. 257, 273 (1948); *Cole v. Arkansas*, 333 U.S. 196, 201 (1948). In this case, the amended information's recitation of the overt acts with respect to Count II as well as the jury instructions from the first trial gave Oden sufficient notice of the greater "gun discharge" enhancement pursuant to California Penal Code § 12022.53(d).

Nothing in *Cole*, 333 U.S. 196, or *De Jonge v. Oregon*, 299 U.S. 353 (1937), the Supreme Court cases relied upon by Oden, clearly limits the constitutionally-required notice to the four corners of the charging document. The California Court of Appeal's decision, therefore, was not "contrary to" or "an unreasonable application of" clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Carey v. Musladin*, 549 U.S. 70, 77 (2006).

**AFFIRMED.**

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.