Submitted September 2, reversed December 14, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DON ERIC CROSS,
aka Don Eric Cross, Jr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CR13564; A158843

387 P3d 465

Ernest G. Lannett, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## PER CURIAM

Defendant was indicted on one count of second-degree sexual abuse, ORS 163.425(1). He appeals from a judgment of conviction for third-degree sexual abuse, ORS 163.415, raising two assignments of error. In his first assignment of error, defendant contends that the trial court erred by instructing the jury on that offense as a lesser-included offense based on a separate incident from the one charged. In his second assignment of error, defendant contends that the trial court erred by permitting the state, during its closing argument, to argue that the jury could find defendant guilty based on that separate incident. Because we reverse on defendant's second assignment of error, we need not address his first assignment.

At trial, the complaining witness, V, testified about a single incident that took place at defendant's house during the charged time period, when she was 16. V testified that, on that occasion, defendant had penetrated her vagina with his fingers. The state also presented evidence of a text message exchange between V and defendant in which V had made a joke about being pregnant and defendant being the father, to which defendant had responded, "Well, only q [*sic*] finger went down there so yea riiiiight."

Defendant testified. He said that he had not digitally penetrated V within the charged dates. He said the text messages concerned an incident in an elevator, in which he had touched V over her clothing. The state recalled V, and she testified that the elevator incident occurred during the charged dates, but denied the texts were about that.

The state requested a jury instruction on third-degree sexual abuse as a lesser-included offense, "based on the evidence that's come out." Defendant objected, arguing that it would be "fundamentally unfair" to allow the state to "seek a lesser included that is not consistent in any way, shape or form with their theory of the case." The trial court, noting that a jury could find that defendant had committed third-degree sexual abuse based on the elevator incident, gave the requested instruction.

The state then argued in closing that, if the jury did not find defendant guilty as charged, it should find him guilty of third-degree sexual abuse based on defendant's admitted conduct in the elevator. The jury returned verdicts of not guilty of second-degree sexual abuse and guilty of third-degree sexual abuse.

On appeal, defendant argues that a lesser-included offense must be based on the same factual occurrence as the greater offense. The state, citing *Cole v. Arkansas*, 733 US 196, 201 68 S Ct 514, 92 L Ed 644 (1948), concedes that, under principles of procedural due process, and in these circumstances, the trial court erred in allowing the prosecutor to "ask the jury to base its verdict on the uncharged 'elevator incident.'" We agree with the state, accept its concession, and reverse defendant's conviction for third-degree sexual abuse.[1]

Reversed.

---

[1] The state suggests that we reverse and remand. But the jury acquitted defendant of the charged offense, and the state acknowledges that the jury "should not have been allowed the opportunity to base its verdict upon" the elevator incident. Given the way the state tried the case, and based on the evidence in the record, there was no other basis for the jury's verdict on third-degree sexual abuse. Accordingly, we reverse defendant's conviction.