NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDDIE M. VARGAS, Sr., | No. 18-15708 |
| Petitioner-Appellant, | D.C. No. 5:03-cv-02930-EJD |
| v. | |
| CRAIG KOENIG, Acting Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted November 16, 2020[**]
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

Eddie M. Vargas, Sr. was convicted in California of first-degree murder, conspiracy, and possession of a concealable firearm by a convicted felon in 1997. His 28 U.S.C. § 2254 petition asserts ineffective assistance because his trial counsel opposed severing Vargas's trial from that of his codefendants. Vargas also claims

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

he was denied due process when the prosecution introduced evidence about two attempted murders not listed in the indictment as overt acts of the conspiracy. The district court denied the petition, and this Court granted a certificate of appealability. We affirm.

1. Because this case is governed by The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996), our review of Vargas's ineffective assistance claim is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). We ask only whether the state court "could have reasonably concluded" that Vargas's counsel was not constitutionally deficient. *See Cullen v. Pinholster*, 563 U.S. 170, 194 (2011) (citing *Strickland v. Washington*, 466 U.S. 668, 691 (1984)). *Strickland* imposes a "strong presumption that counsel's performance was within the wide range of reasonable professional assistance [that] might be considered sound trial strategy." *Carrera v. Ayers*, 670 F.3d 938, 943 (9th Cir. 2010) (cleaned up).

2. The state court reasonably concluded that counsel's opposition to severance did not fall below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Vargas claims that counsel was ineffective because, unlike him, his codefendants faced possible death sentences, and the Supreme Court has purportedly placed the defense bar on notice that death qualification of a jury harms a client not facing the death penalty. However, the cases on which Vargas relies do not establish

that principle. In *Lockhart v. McCree*, 476 U.S. 162 (1986), the Court simply held that death-qualifying a jury during the guilt phase of a capital trial does not violate the Sixth Amendment. And, *Buchanan v. Kentucky*, 483 U.S. 402 (1987), held that use of a death-qualified jury did *not* deprive a homicide defendant of his right to an impartial jury when only his codefendant faced the death penalty.

Counsel opposed severance because he believed Vargas would be "viewed in a better light by the jury" compared to his more culpable codefendants who faced the death penalty. Vargas, after hearing counsel's reasoning, consented to that decision. This "strategic choice[ ] made after thorough investigation of law and facts relevant to plausible options [is] virtually unchallengeable." *Strickland*, 466 U.S. at 690.[1]

3. The district court also did not err in finding that Vargas was not deprived of due process when the prosecution presented evidence of the attempted murders of two people not named in the indictment as overt acts in furtherance of the conspiracy. Under California law, identifying the intended victim of a conspiracy to commit murder is proof of the "means" by which the conspiracy was to be achieved, not an "element" of the crime. *People v. Vargas*, 91 Cal. App. 4th 506, 563 (2001). AEDPA permits relief only when the Supreme Court has established a "specific

---

[1] Because Vargas's *Strickland* claim fails at the first step, we do not address *Strickland*'s "prejudice" requirement. *See Strickland*, 466 U.S. at 687.

rule" that "clearly establish[es] the legal proposition needed to grant . . . habeas relief." *Lopez v. Smith*, 574 U.S. 1, 6 (2014); 28 U.S.C. § 2254(d)(1). Vargas relies on *Cole v. Arkansas*, 333 U.S. 196 (1948), and *In re Oliver*, 333 U.S. 257 (1948). But, those cases "stand for nothing more than the general proposition that a defendant must have adequate notice of the charges against him." *Lopez*, 574 U.S. at 5–6.

**AFFIRMED.**