**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO RODRIGUEZ, | No. 19-15396 |
| Petitioner-Appellant, | D.C. No.<br>1:17-cv-01040-DAD-SAB |
| v. | |
| SCOTT KERNAN, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 16, 2021**
San Francisco, California

Before: R. NELSON and HUNSAKER, Circuit Judges, and JACK,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

Alberto Rodriguez appeals the district court's denial of his habeas corpus petition. This court granted a Certificate of Appealability on a single issue: whether Rodriguez's conviction for false imprisonment violates due process because this offense was not charged and is not a lesser-included offense of the attempted kidnapping charge. As the underlying state court decision holding that Rodriguez waived his right to notice of a lesser-related offense was not contrary to clearly established Supreme Court precedent, we affirm.

Under the Antiterrorism and Effective Death Penalty Act, we may only grant relief if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent, or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). To be clearly established Supreme Court precedent, a case must "squarely address the issue in the case or establish a legal principle that clearly extends to a new context to the extent required by the Supreme Court." *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (alterations adopted) (internal quotation marks and citation omitted). A state court's decision must be "objectively unreasonable," not just erroneous, *Wiggins v. Smith*, 539 U.S. 510, 521 (2003), such that "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court]

precedent[]," *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Otherwise, "we must defer to the state court's decision." *Moses*, 555 F.3d at 754. "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

Here, Rodriguez contends that he was denied due process when the jury was instructed that false imprisonment, *see* Cal. Penal Code § 236, is a lesser-included offense of attempted kidnapping, *id.* §§ 207(a), 209(b)(1), 236, 664, 665. Both parties agree that false imprisonment is not a lesser-included offense of attempted kidnapping but merely a lesser-related offense. However, Rodriguez's counsel did not object to the false imprisonment jury instruction or verdict charge and affirmatively responded that the jury instructions were acceptable. The state court of appeal viewed his counsel's failure to object as waiving the right to receive notice of the false imprisonment charge.

"[N]otice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding . . . ." *Cole v. Arkansas*, 333 U.S. 196, 201 (1948). But even "[t]he most basic rights of criminal defendants are . . . subject to waiver." *Peretz v. United States*, 501 U.S. 923, 936 (1991). Whether a particular right may be waived by counsel or only by the informed defendant depends on the right at issue. *New York v. Hill*, 528 U.S. 110, 114–15 (2000).

Rodriguez fails to identify any Supreme Court case clearly establishing that notice of a lesser-related offense cannot be waived or what is required to waive such notice. None of the cases he cites "squarely address" or "clearly extend" to the waiver of the right to notice of a lesser-related offense. *See Moses*, 555 F.3d at 754 (citation omitted); *see also Cole*, 333 U.S. at 201 (establishing that the right to notice of a charge is an important right); *Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969) (holding that a silent record is insufficient for a waiver of certain specified rights not at issue here); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (explaining "[c]ourts indulge every reasonable presumption against waiver of fundamental constitutional rights" in the context of foregoing assistance of counsel (internal quotation marks omitted)). The Supreme Court has not expressly limited the ability to waive notice of a lesser-related offense to informed defendants. And it has allowed counsel to waive other significant rights including the right to a speedy trial and "many decisions pertaining to the conduct of the trial." *See Hill*, 528 U.S. at 115.

The state court of appeals' decision that Rodriguez waived his right to notice of the false imprisonment charge when his counsel failed to object to the jury instructions was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for

4

fairminded disagreement." *See Richter*, 562 U.S. at 103.[1]  We defer to the state court's decision.  *Moses*, 555 F.3d at 754.

**AFFIRMED.**

---

[1] As the waiver issue is dispositive, we do not decide whether there is clearly established Supreme Court precedent precluding jury instructions from providing adequate notice of a lesser-related offense.