NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUKE NOEL WILSON,

        Petitioner - Appellant,

  v.

MARTIN GAMBOA, Warden, Avenal
State Prison; ROB BONTA, Attorney
General, State of California,

        Respondents - Appellees.

No. 24-1818

D.C. No.
3:22-cv-02058-WQH-MMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted September 15, 2025
Pasadena, California

Before: CLIFTON, IKUTA, and LEE, Circuit Judges.

Luke Noel Wilson appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition. Wilson was convicted of one count of oral copulation of a

child ten years old or younger and three counts of lewd acts upon a child in violation

of California Penal Code § 288.7(b) and § 288(a). We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 2253, and we affirm.

We review the district court's denial of a petition for a writ of habeas corpus de novo and may affirm on any ground supported by the record. *Varghese v. Uribe*, 736 F.3d 817, 822–23 (9th Cir. 2013). The Antiterrorism and Effective Death Penalty Act (AEDPA) governs § 2254 habeas petitions filed after 1996. *See id.* at 823. Under AEDPA, we may only grant relief if the petitioner shows that "the state court's decision (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)).

1. <u>Ineffective assistance of counsel (IAC) claim.</u> Wilson's IAC claim against his trial counsel does not warrant federal habeas relief. To prevail on a claim for IAC, Wilson must show that the state courts either unreasonably determined the facts of his case or unreasonably applied *Strickland v. Washington*, which requires both deficient performance by counsel and prejudice from the error. 466 U.S. 668, 687 (1984). As to prejudice, this requires showing that every fairminded jurist would conclude there was a reasonable probability of a different outcome at trial but for the error. *See Shinn v. Kayer*, 592 U.S. 111, 121 (9th Cir. 2020).

Wilson argues that his trial counsel was ineffective for not calling a computer

forensics expert at the pre-trial suppression hearing who could have further explained "hash values," which are unique digital characters—akin to digital fingerprints—associated with a specific digital picture or file. Google had identified child pornography photos sent and received by Wilson based on their unique hash values, which matched the hash values from specific photos previously identified as child pornography. Without someone having opened or viewed those photos, Google referred Wilson's emails to law enforcement officers, who opened and viewed those photos without obtaining a warrant. Wilson argues that he would have prevailed in his Fourth Amendment challenge if his counsel had obtained a computer expert to testify about "hash values."

We affirm the denial of the IAC claim because the California Court of Appeal did not make an unreasonable application of *Strickland* in holding that the failure to hire a computer expert did not prejudice Wilson. Wilson's proposed defense expert testimony is largely the same as the testimony that the State's expert already provided to the trial court. Both the proposed expert and the State's expert affirm that hash values, even if they do not portray the contents of an image, are unique and thus identify an image. If the images previously were labeled as child pornography, then this identification would have been decisive.

To be sure, the State's expert did not testify as to what the hash values *could not* reveal, such as the number, ethnicities, and ages of the people depicted in the

images. But both the state trial and appellate courts recognized this in rejecting Wilson's Fourth Amendment claim. Both courts acknowledged that humans did not view the images when Google forwarded them to law enforcement and that the hash value was only an identification of files. But they nevertheless denied Wilson's motion to suppress on the basis that identifying previously-labeled images of child pornography was enough. The fact that our court in Wilson's federal criminal case reached a different legal conclusion on his Fourth Amendment challenge does not mean that additional expert testimony about hash values would have made the difference. *See United States v. Wilson*, 13 F.4th 961, 964 (9th Cir. 2021). Rather, our court reached a different result because we applied a different legal analysis to the same set of facts.

We have held that a petitioner is not prejudiced when the proposed witnesses would have repeated essentially the same information that had already been presented. *See, e.g., Davis v. Woodford*, 384 F.3d 628, 650 (9th Cir. 2004); *Cunningham v. Wong*, 704 F.3d 1143, 1161 (9th Cir. 2013). Accordingly, the California Court of Appeal's rejection of Wilson's IAC claim was not an unreasonable application of *Strickland*.

2. <u>Due process claims.</u> Wilson claims that his constitutional right to notice of the charges against him was violated when one of Wilson's victim's testimony at trial was somewhat different than her testimony at the preliminary hearing. Wilson

identifies *Cole v. Arkansas*, 333 U.S. 196 (1948) as the Supreme Court case guaranteeing defendants a Sixth Amendment right to notice of the charges they face. The state appellate court's denial of Wilson's due process claim was not contrary to or an unreasonable application of *Cole*. *Cole* only requires general notice of the nature of the charges to permit adequate preparation of a defense. *See* 333 U.S. at 201. *Cole* says nothing about how specific the notice must be or what source or form it must arise from or in. The details available to Wilson before trial clearly meet the general safeguards required in *Cole*: Wilson had notice of who the victims were, what acts were alleged, and an accurate general timeframe of the acts.

3. Jury instruction claims

A. The unanimity instruction

Wilson faults the trial court's failure to provide a unanimity instruction to the jury, claiming that he has a constitutional right to a unanimity jury instruction based on *Ramos v. Louisiana*, 590 U.S. 83 (2020). The state appellate court did not unreasonably apply *Ramos* in holding that the unanimity instruction for the predicate offense was not required. Wilson's interpretation of *Ramos* goes too far. *Ramos* does not require a unanimity instruction for predicate acts—only that the jury's *verdict* be unanimous. *Id.* at 90. Since Wilson's argument depends on extending *Ramos*, federal law cannot be considered clearly established on this point. *See White v. Woodall*, 572 U.S. 415, 426 (2014).

Wilson also seeks relief based on his argument that the state appellate court's determination that the prosecutor elected predicate acts during his closing argument was unreasonable as a factual matter. *See* 28 U.S.C. § 2254(d)(2). The state court's factual determination is only unreasonable if it was "objectively unreasonable," *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003), and not "merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Here, the Court of Appeal had an adequate basis for its factual determination: the prosecutor linked specific Dropbox images and videos to specific charges.

B. The intent instruction

Wilson also cannot obtain relief based on the trial court's jury instruction on intent. CPC § 288(a)—charged in Counts Two through Four—sets out an intent requirement for lewd and lascivious acts against children. To convict under this statute, the jury must find that the defendant committed the act "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desire of that person or the child."

After deliberations began, the jury asked whether lust had to be purely sexual, or whether it could refer to other types of lust, such as financial lust. After conferring with the parties and reaching a consensus, the trial court responded with a note explaining that lust refers only to sexual lust.

On appeal, Wilson argues that the court's answer misconstrued the law and altered the intent requirement for CPC § 288(a). The district court denied relief on this claim because it did not raise a federal question. We agree that Wilson raises a question solely regarding the interpretation of state law. *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991).

C. <u>Instructions concerning the substance of the evidence presented</u>

Finally, Wilson contends that the jury instructions lessened the prosecution's burden of proof and constituted an improper judicial comment on the evidence presented. The trial court issued multiple jury instructions beginning with: "The People presented evidence that the defendant committed [an offense]," followed by instructions on how the jury was to use that evidence. According to Wilson, this preamble could be interpreted as the trial court telling the jury that "Wilson [actually] committed the charged crimes."

Defense counsel did not object to these instructions at trial. The California Court of Appeal ultimately decided that Wilson could not show prejudice from these instructions. The court stated that instructing that "the prosecution 'presented evidence' that the defendant committed a crime is not synonymous with stating the evidence is credible or that the defendant did indeed commit the crime." The appellate court also concluded that there was no prejudice because the instructions separately informed the jury (1) that it had to make factual determinations, (2) that

Wilson was entitled to a presumption of innocence, and (3) that the prosecution's burden of proof was beyond a reasonable doubt.

We affirm the denial. The state appellate court did not unreasonably apply any Supreme Court precedent. Reasonable jurists could conclude that any error was harmless, given the multiple other statements in the jury instructions about the jury's role, the prosecution's burden of proof, and the defendant's entitlement to a presumption of innocence. *See, e.g.*, *Parker v. Matthews*, 567 U.S. 37, 42 (2012).

4. <u>Evidentiary challenges under *Napue* and *Brady*.</u> Wilson argues that the prosecution presented false evidence to the jury when the two female victims testified that Wilson had groomed them to perform sexually egregious acts. He contends the sisters' testimony was false and satisfies the three requirements for a claim under *Napue v. Illinois*, 360 U.S. 264 (1959): (1) the prosecution presented evidence that was actually false; (2) the prosecution knew or should have known the evidence was false; and (3) the false evidence was material. *See Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (en banc) (citation omitted).

The California court of appeal applied the wrong standard under *Napue*. Therefore, we review de novo. *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008). Even assuming the testimony's falsity and the prosecutor's knowledge of the falsity, however, this claim flounders on *Napue*'s materiality prong. The jury heard other extensive testimony about Wilson grooming the victims over many years. *See*

*Hampton v. Shinn*, 143 F.4th 1047, 1070–71 (9th Cir. 2025).

Wilson also claims that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) by withholding evidence from a hard drive. Relatedly, Wilson argues that his trial counsel was ineffective for declining to obtain the hard drive before trial. We affirm the district court's denial of Wilson's claims. The California Court of Appeal did not unreasonably apply *Brady* in holding that the prosecution did not improperly withhold any evidence and that the hard drive evidence was immaterial.

*Brady* prevents exculpatory evidence from being withheld by the state—but the California Court of Appeal did not unreasonably apply *Brady* in holding that the prosecution *offered* the hard drives to Wilson's counsel but he declined to accept them. In other words, the evidence was not suppressed. *Cf. Milke v. Ryan*, 711 F.3d 998, 1017–18 (9th Cir. 2013) (finding evidence is not suppressed for *Brady* purposes where the defendant can find the relevant information on his own).

Nor did the state appellate court unreasonably apply *Strickland* in rejecting Wilson's IAC claim. The state appellate court concluded that even with the photos on the hard drive, the defense would only have been able to show that the sisters had gaps in their recollections—which was immaterial given the amount of other evidence of grooming. Because the evidence was immaterial, Wilson could not have established prejudice as to his IAC claim.

**AFFIRMED.**