**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOO HEUN LEE, | No. 10-56038 |
| Petitioner - Appellee, | D.C. No. 2:08-cv-07120-JSL-RZ |
| v. | |
| LARRY SMALL, Warden, Calipatria, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Argued and Submitted January 12, 2011
Pasadena, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

The state of California appeals the district court's grant of Joo Heun Lee's

petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §

2253. We review the grant of habeas relief *de novo*, *Cook v. Schriro*, 538 F.3d

1000, 1015 (9th Cir. 2008), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We reject the state's argument that Lee seeks the retroactive application of a new rule of constitutional criminal procedure in violation of *Teague v. Lane*, 489 U.S. 288 (1989). The state waived its *Teague* defense by stating in its answer that Lee's petition "does not appear to be barred by the non-retroactivity doctrine." *See Danforth v. Minnesota*, 552 U.S. 264, 289 (2008); *Collins v. Youngblood*, 497 U.S. 37, 40-41 (1990). The belated invocation of *Teague* in the state's objections to the magistrate judge's report and recommendations did not revive the defense. *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000). *See also Granberry v. Greer*, 481 U.S. 129, 132 (1987); *Boardman v. Estelle*, 957 F.2d 1523, 1534-37 (9th Cir. 1992).

We would reach the same conclusion if we considered the state's *Teague* defense on the merits. A rule is not "new" merely because it involves a factual situation different from that present in the case that announced the rule. *See Butler v. Curry*, 528 F.3d 624, 634 (9th Cir. 2008); *Tanner v. McDaniel*, 493 F.3d 1135, 1144 (9th Cir. 2007). A criminal defendant is entitled to "notice of the specific charge" against him, *Cole v. Arkansas*, 333 U.S. 196, 201 (1948), a right afforded a defendant "so that he may prepare a defense accordingly," *Gautt v. Lewis*, 489 F.3d 993, 1004 (9th Cir. 2007). *See also Sheppard v. Rees*, 909 F.2d 1234, 1236 (9th Cir. 1990); *Gray v. Raines*, 662 F.2d 569, 571-72 (9th Cir. 1981). Lee argues

that the information, which charged a violation of Cal. Penal Code § 186.22(b)(5), indicated, first, that a successful defense to the premeditation allegation would also constitute a defense to the gang allegation and second, that conviction on the gang allegation would only increase his minimum parole eligibility date from seven to 15 years. Lee's counsel twice made clear this interpretation of the information. Counsel explained in open court that several aspects of his trial strategy — for example, declining to challenge the qualifications or opinions of the state's gang expert and conceding Lee's gang membership — depended upon this interpretation. Neither the trial court nor the state disputed counsel's interpretation of the information until after jury deliberations had begun.

Counsel's interpretation shaped Lee's trial strategy such that Lee was "ambushed" when the court endorsed the prosecution's different interpretation after the case went to the jury. *See Gray*, 662 F.2d at 575 (Tang, J., concurring). The principle of *Cole* extends to situations where, as here, the state induces and fails to correct a belief in the sufficiency of a particular defense strategy and the punishment consequences of a particular allegation. *See Keating v. Hood*, 191 F.3d 1053, 1061 n.11 (9th Cir. 1999), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204, 1217 n.18 (9th Cir. 2003).

For the same reasons, we conclude that the California Court of Appeal unreasonably applied *Cole*, which clearly establishes that a charging document "must in some appreciable way apprise the defendant of the charges against him so that he may prepare a defense accordingly." *Gautt*, 489 F.3d at 1004. *See* 28 U.S.C. § 2254(d)(1). Lee reasonably read §§ 186.22(b)(1)(C) and 186.22(b)(5) as mutually exclusive. Section 186.22(b)(1) states that it applies "[e]xcept as provided in paragraph[] . . . (5)." A defendant convicted of a violent felony punishable by life for the benefit of a gang can only be sentenced to the minimum parole eligibility term in § 186.22(b)(5), not to the enhancement in § 186.22(b)(1)(C). *See Porter v. Superior Court*, 211 P.3d 606, 611 (Cal. 2009); *People v. Lopez*, 103 P.3d 270, 271 (Cal. 2005). The state could have charged both §§ 186.22(b)(5) and, in the alternative, 186.22(b)(1)(C); or it could have charged § 186.22(b) without further specification. Lee reasonably took the precise language of the information to limit the charges he faced. *See People v. Mancebo*, 41 P.3d 556, 563-64 (Cal. 2002) ("[A] defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes."). Lee's counsel made this interpretation of the information clear while the state sat mute. Under these circumstances, it was "not reasonable to conceive that [the defendant], . . . in investigating and preparing his

4

defense, would have proceeded as he did if he had been charged with, or had known that he would be required to meet" a theory of prosecution not stated in the information. *Gray*, 662 F.2d at 574. The Court of Appeal's rejection of Lee's *Cole* claim was objectively unreasonable. *See Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) ("[AEDPA] recognizes . . . that even a general standard may be applied in an unreasonable manner.").

Finally, we conclude that the constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Pulido v. Chrones*, 629 F.3d 1007, 1012 (9th Cir. 2010) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). Lee was sentenced to five years for attempted murder and a consecutive 10-year term for the gang enhancement. As in *Gautt*, "the enhancement alone comprised more than half of his sentence." 489 F.3d at 1016. The § 186.22(b)(5) allegation would have increased Lee's minimum parole eligibility date from seven to 15 years, an eight-year bump; the 10-year § 186.22(b)(1)(C) enhancement was, as in *Gautt*, "more than the enhancement of which [the defendant] had notice." 489 F.3d at 1016. Had Lee realized that "so much hinged on" whether the jury found the allegation, there is "no doubt that he would have prepared a different defense and made different tactical choices." *Id.*

It is not clear that such an effort would have been futile, such that the constitutional error here is harmless. For example, Lee was not present for Edward Kim's initial attack on the victim, when Kim announced his affiliation with the "Asian Criminals." The state did not establish that Lee knew of Kim's gang-related motives when he joined the fray; Lee could have argued that he was simply coming to the aid of a friend in a fight, not acting "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." Cal. Penal Code § 186.22(b)(1). Lee built his defense on the understanding that defeating the premeditation allegation would also defeat the gang allegation, a strategy the district court found "not only reasonable," but "successful." Because "[t]his is not a case where the evidence overwhelmingly supported the jury's verdict" on the gang enhancement, we find the constitutional error sufficiently serious to warrant relief. *Sandoval v. Calderon*, 241 F.3d 765, 779 (9th Cir. 2001).

**AFFIRMED.**