[Cite as *State v. Michael* , 2011-Ohio-2691.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

LEVI J. MICHAEL

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case No. 10AP090034

O P I N I O N

CHARACTER OF PROCEEDING:     Appeal from the Tuscarwas County Court of Common Pleas, Case No. 2009CR080216

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 2, 2011

APPEARANCES:

For Plaintiff-Appellee

RYAN STYER
Tuscarawas County Prosecutor
AMANDA K. MILLER
Assistant County Prosecutor
for Tuscarawas County
125 East High Avenue
New Philadelphia, Ohio 44663

For Defendant-Appellant

JEREMY J. MASTERS
Office of the Public Defender
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1}   Defendant-appellant Levi J. Michael appeals his conviction and sentence entered by the Tuscarawas County Court of Common Pleas, on six counts of rape, following a jury trial.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2}   On October 29, 2009, the Tuscarawas County Grand Jury indicted Appellant on six counts of rape, all in violation of R.C. 2907.02(A)(1)(b), two counts for each of his three minor children, C.M., S.M., and L.M.  Counts One and Two alleged Appellant engaged in sexual conduct with C.M. when the boy was under the age of ten, and under the age of thirteen, respectively.  Counts Three and Four alleged Appellant engaged in sexual conduct with S.M. while she was under the age of ten, and under the age of thirteen, respectively.  Counts Five and Six alleged Appellant engaged in sexual conduct with L.M. while she was under the age of thirteen.  Appellant appeared for arraignment and entered a plea of not guilty to the Indictment.  The State filed a Bill of Particulars which mirrored the Indictment.  Appellant filed a Motion for More Specific Bill of Particulars, asserting the Indictment and Bill of Particulars were inadequate in light of the Sixth Circuit's decision in *Valentine v. Konteh* (C.A. 6 2005) 395 F3d. 626.  Although the State opposed the motion, it filed an Amended Bill of Particulars.

{¶3}   The matter proceeded to jury trial on August 10, 2010.  Kari Abel, an investigator with the Tuscarawas County Department of Job and Family Services, testified the agency received a complaint on August 10, 2009, that one of Appellant's children had been sexually abused by a family member.  In response, Abel scheduled interviews with Appellant's children and other family members.  Abel and Detective

Kathy Bickford of the Tuscarawas County Sheriff's Department conducted individual interviews with the children on August 11, 2009. Based upon information obtained during the interviews, Abel and Bickford made a referral for S.M. at Akron Children's Hospital. Thereafter, on August 17, 2009, the Tuscarawas County Juvenile Court granted temporary custody of the children to the agency. The children were placed in foster care, and had not seen either Appellant or their mother since that time. Although TCDJFS had a history with the Michael family, none of the children had disclosed any incidents of sexual abuse prior to August, 2009.

{¶4} Detective Kathy Bickford testified she has specialized training in investigating crimes against children. The day after interviewing the children with Abel Bickford arrested Appellant. Bickford interviewed Appellant after he was booked into jail. Appellant initially denied all allegations, but on August 13, 2009, he requested to speak with Bickford. During the second interview, Appellant made several confessions, including an admission to raping his two daughters. Appellant summarized his confession in a sworn written statement executed at the conclusion of the second interview. During a subsequent search of Appellant's home, Bickford found several bottles of intimate lubricators and a bottle of EZ anal desensitizing spray gel.

{¶5} Cathy Beckwith-Laube, a licensed social worker employed by the C.A.R.E. Center at Akron Children's Hospital, testified she interviewed S.M. prior to her medical examination at the C.A.R.E. Center in September, 2009. An audio/video recording of Laube's interview of S.M. was played in open court in its entirety. Laube also testified she interviewed C.M. on October 14, 2009. The audio/video recordings of those interviews were also played for the jury in its entirety.

{¶6} Donna Abbott, a certified nurse practitioner with the C.A.R.E. Center of Akron Children's Hospital, testified she performed the medical examination and evaluation of C.M. after he had been interviewed by Laube. Abbott testified C.M.'s medical examination was normal, which was not surprising based upon physiological reasons. Abbott explained C.M. had been separated from Appellant for over one month at the time of his medical examination and Appellant had used lubrication during the acts of penetration, both significant factors which resulted in the normal medical examination findings.

{¶7} Daryl Steiner, D.O., the medical director at the C.A.R.E. Center, testified he performed the medical examination of S.M. in September, 2009, following the girl's interview with Laube. Dr. Steiner indicated S.M.'s medical examination was normal, and explained such results were not surprising because the girl had progressed through nearly the entire pubertal maturation process. Because S.M. was almost completely mature in her secondary sexual characteristics, the fact there were no signs of residual tissue injuries was not surprising to Dr. Steiner.

{¶8} All three children testified, recounting the sexual abuse Appellant inflicted upon them.

{¶9} After hearing all the evidence and deliberating, the jury found Appellant guilty of all six counts of the indictment and made affirmative findings on all special findings. The trial court sentenced Appellant to a term of imprisonment of life without the possibility of parole on Counts One and Three, twenty-five years to life on Counts Two and Four, and ten years to life for Counts Five and Six. The trial court ordered the sentences on the counts relating to each child be served concurrently (i.e., Counts One

and Two which relate to C.M. are to be served concurrently to each other), but consecutively to the sentences imposed for the counts involving the individual children (i.e. sentence on counts involving S.M. served consecutive to sentence on counts involving C.M.).

{¶10} It is from this conviction and sentence Appellant appeals, raising the following assignments of error:

{¶11} "I. THE TRIAL COURT ERRED BY CONVICTING LEVI MICHAEL BASED UPON MULTIPLE COUNTS OF A SINGLE OFFENSE, DENYING HIM DUE PROCESS OF LAW AND VIOLATING THE DOUBLE JEOPARDY CLAUSE.  FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTION 10, ARTICLE I, OHIO CONSTITUTION.

{¶12} "II. THE TRIAL COURT VIOLATED LEVI MICHAEL'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE, THE TRIAL COURT CONVICTED MR. MICHAEL OF RAPE.  FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I, OHIO CONSTITUTION.

{¶13} "III. THE TRIAL COURT VIOLATED LEVI MICHAEL'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTION FOR RAPE, WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I, OHIO CONSTITUTION."

I

{¶14} In his first assignment of error, Appellant argues he was denied his due process rights because the trial court convicted him of two counts of rape which were differentiated only by the broad time periods involved. Specifically, Appellant challenges the lack of specificity in which Counts One and Two of the Indictment were charged.

{¶15} "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole v. Arkansas* (1948), 333 U.S. 196, 201.

{¶16} Appellant relies upon *Valentine v. Konteh* (C.A.6, 2005), 395 F.3d 626, and *State v. Hemphill,* Cuyahoga App. No. 85431, 2005-Ohio-3726, which followed *Valentine*, in support of his position his constitutional due process rights were violated when the trial court convicted him of two counts of rape involving C.M. In *Valentine*, the United States Court of Appeals for the Sixth Circuit granted habeas corpus relief, concluding the petitioner's convictions violated his due process rights because the prosecution failed to make any factual distinctions among the counts, permitting the petitioner to be "prosecuted and convicted for a generic pattern of abuse rather than for forty separate abusive incidents." Id. at 634.

{¶17} In *Valentine,* the petitioner was convicted of 40 counts of sexual abuse: 20 counts each of rape and felonious sexual penetration. The counts of each crime were identically worded in the indictment. The 8-year-old victim described "typical" abusive

behavior by the defendant and then testified the "typical" abuse occurred twenty or fifteen times. Other than the victim's estimate, the State failed to present any evidence as to the number of incidents. Id. at 633. The Sixth Circuit found the petitioner's constitutional rights were violated because there were no distinctions made at any time before or during trial to differentiate one incident of sexual abuse from another in order to match each charge with a specific incident. The *Valentine* Court focused on the fact there were no factual bases for forty separate incidents contained in the indictment, the bill of particulars, or in the testimony at trial. Id. at 633. This prevented the jury from considering each count because they were not connected to distinguishable incidents. Id. at 633-634.

{¶18} We find *Valentine* to be factually distinguishable. In the instant action, Appellant was charged with two counts of rape involving C.M. The State tailored each offense to fit a particular time period. Count One, while charged as a continuing course of conduct, encompassed the period of time from when Appellant's abuse of C.M. began until just prior to the child's tenth birthday. Count Two, which was also charged as a continuing course of conduct, encompassed the time period from when C.M. was ten years of age until the abuse was disclosed and Appellant was arrested. As will be discussed infra, the testimony at trial supported convictions under both time periods.

{¶19} We find Counts One and Two of the Indictment were charged with sufficient specificity to put Appellant on notice of the charges against him.

{¶20} Based upon the foregoing, Appellant's first assignment of error is overruled.

II, III

**{¶21}** In his second and third assignments of error, Appellant maintains his convictions on Counts One, Two, and Three were based upon insufficient evidence and were against the manifest weight of the evidence.

**{¶22}** Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, superseded by State constitutional amendment on other grounds as stated in *State v. Smith* (1997), 80 Ohio St.3d 89, 684 N.E.2d 668.

**{¶23}** The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.

**{¶24}** Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, *State v. Thompkins* (1997), 78 Ohio St.3d 387, 678 N.E.2d 541, 1997-Ohio-52, superseded by constitutional amendment on other grounds

as stated by *State v. Smith,* 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *State v. Thompkins,* supra, 78 Ohio St.3d at 387, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.

{¶25} We first address Appellant's sufficiency of the evidence challenge. Counts One and Two involve Appellant's son, C.M. Count Three involves Appellant's middle child, S.M. As discussed, supra, Count One charged rape as a continuing course of conduct when C.M. was under the age of ten, and Count Two charged rape as a continuing course of conduct when C.M. was over the age of ten, but under the age of thirteen. Count Three charged rape as a continuing course of conduct when S.M. was under the age of ten. Appellant submits the State failed to satisfy the age element relative to each count. Appellant explains C.M. neither testified regarding a separate, distinct incident of sexual conduct which occurred before the age of ten nor a separate, distinct incident of sexual conduct which occurred after the age of ten, but before the age of thirteen, and S.M., likewise, did not testify regarding a separate, distinct incident

of sexual conduct which occurred before the age of ten. Appellant concludes without such testimony there was insufficient evidence to sustain his convictions on Counts One, Two, and Three. We disagree.

{¶26} First, the specific age of a rape victim is not an element of the offense, but rather a special finding which is for sentence enhancement purposes only. Thus, Appellant cannot utilize any alleged failure by the State to present evidence of the victims' ages as support for his argument his underlying convictions for rape are based upon insufficient evidence.

{¶27} Furthermore, we find the State presented sufficient evidence Appellant raped C.M. when the child was under the age of ten, and also when the boy was over the age of ten, but under the age of thirteen. C.M. testified Appellant began abusing him when he was five years old. At the time of trial, C.M. was eleven years old, his birthday being January 8, 1999. C.M. recalled the last time Appellant abused him was just prior to C.M. being placed in foster care in August, 2009, some nine months after he turned ten years old. Cathy Beckwith-Laube, the social worker at the C.A.R.E. Center, testified she interviewed C.M. An audio/video recording of the interview was played for the jury. We have reviewed the recording and find this evidence alone is sufficient to support Appellant's convictions on Counts One and Two.

{¶28} We also find the State presented sufficient evidence Appellant raped S.M. when the girl was under the age of ten. S.M. testified Appellant began abusing her when she was between six and eight years old. At the time of trial, S.M. was thirteen years old, her birthday being July 5, 1997. Laube also testified she interviewed S.M. An audio/video recording of the interview was played for the jury. We have reviewed the

recording and find this evidence alone is sufficient to support Appellant's conviction on Count Three.

{¶29} We now turn to Appellant's assertion his convictions on Counts One, Two, and Three were against the manifest weight of the evidence. Appellant contends the testimony of C.M. and S.M. was "vague, uncertain, inconsistent, and incomplete", and by relying on such, the jury clearly lost its way. Again, Appellant focuses his argument on the evidence presented at trial as to the ages of the victims. For the reasons we found the convictions were based upon sufficient evidence, we, likewise, find the convictions were not against the manifest weight of the evidence.

{¶30} Appellant's second and third assignments of error are overruled.

{¶31} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Edwards, J.  and

Delaney, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LEVI J. MICHAEL | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10AP090034 |

For the reasons stated in our accompanying Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY