

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-2006

# Yates v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1715

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Yates v. Smith" (2006). *2006 Decisions.* Paper 599.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/599

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HPS-85 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1715
_____

JAMES A. YATES,
Appellant

vs.

JOSEPH SMITH, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 05-cv-00994)
District Judge: Honorable William W. Caldwell
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2006
Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES
(Filed:  August 9, 2006)
_____

OPINION
_____

PER CURIAM.

James A. Yates appeals the dismissal of his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  We will affirm.

In 1997, Yates was convicted of various drug offenses in the United States

1

District Court for the Northern District of Illinois. He was sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. In October 2001, Yates filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the sentencing court denied. The United States Court of Appeals for the Seventh Circuit denied Yates' request for a certificate of appealability.

In May 2005, Yates commenced the present action in the United States District Court for the Middle District of Pennsylvania, the district in which he is currently confined. He claimed that § 2255 relief is an inadequate or ineffective remedy to challenge his sentence, and that he is actually innocent under United States v. Booker, 543 U.S. 220 (2005). Yates also raises ineffective assistance of counsel and due process claims. On February 13, 2006, the District Court dismissed Yates' petition for lack of jurisdiction. It concluded that Yates failed to demonstrate that § 2255 would be "inadequate or ineffective" to test the legality of his detention. Yates appealed.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A habeas petitioner can seek relief under 28 U.S.C. § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of [the] detention." See 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex

2

rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

We agree with the District Court that Yates has not demonstrated such a limitation in § 2255's scope or procedure here. His § 2241 petition raises claims which could have been presented in a motion pursuant to § 2255. Moreover, contrary to Yates' contention, Booker did not de-criminalize the crimes for which he was convicted. Yates makes no allegation that he is actually innocent of the crime for which he was convicted. The exception identified in In re Dorsainvil is simply inapplicable under these circumstances.

Because the petition was properly dismissed and no substantial question is presented by this appeal, the we will grant the government's motion for summary affirmance. See Third Circuit LAR 27.4 and I.O.P. 10.6.