DLD-296                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2143
_____

JAMES A. YATES,
                                        Appellant

v.

BRYAN A. BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 11-cv-00592)
District Judge:  Honorable William W. Caldwell
_____

Submitted on Appellant's Motion to Reopen; Appellant's Motion for Leave to Appeal In
Forma Pauperis and Affidavit in Support Thereof, Pursuant to Rule 24, Federal Rules of
Appellate Procedure; and for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 27, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  October 15, 2012)
_____

OPINION
_____

PER CURIAM

James A. Yates appeals the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and from the court's subsequent order denying his motion for reconsideration. We will affirm.

In 1997, Yates was convicted by a jury of various drug offenses in the United States District Court for the Northern District of Illinois, and was sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. Yates thereafter filed a motion in October 2001 seeking to vacate his sentence under 28 U.S.C. § 2255 on the basis of, inter alia, the alleged ineffective assistance rendered by defense counsel. The District Court denied Yates' § 2255 motion, and the United States Court of Appeals for the Seventh Circuit subsequently denied his request for a certificate of appealability.

In May 2005, Yates – confined in the Middle District of Pennsylvania – filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in that District Court. In addition to raising ineffective assistance of counsel and due process claims, Yates claimed an entitlement to habeas relief on account of his "actual innocence" under United States v. Booker, 543 U.S. 220 (2005). The District Court dismissed Yates' petition for lack of jurisdiction after concluding that he failed to demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention. We agreed with the District Court's determination that Yates could not meet the stringent gatekeeping requirements of § 2255's safety valve provision, and summarily affirmed its decision. Yates v. Smith, 190 F. App'x 113 (3d Cir. 2006) (nonprecedential).

2

Yates was likewise unsuccessful with a motion for reduction of sentence filed pursuant to 18 U.S.C. § 3582 in June 2008. He fared no better with his application for leave to file a second or successive § 2255 motion filed in the Seventh Circuit Court of Appeals. Relying on the Supreme Court's decision in United States v. O'Brien, __ U.S. __, 130 S. Ct. 2169 (2010), Yates claimed that his mandatory life sentence is unconstitutional because its imposition required additional facts neither charged nor found by the jury.[1] The Court of Appeals denied the § 2244 application after concluding that Yates had attacked his sentence under 21 U.S.C. § 848(b) on direct appeal and that authorization to file a § 2255 motion containing such a claim – even one advanced under a different theory – was thus barred by 28 U.S.C. § 2244(b)(1). Yates v. United States, No. 11-1010 (7th Cir. filed Jan. 18, 2011).

Undeterred, Yates returned to the District Court for the Middle District of Pennsylvania two months later with yet another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Once again, Yates advanced a claim based on United States v. O'Brien which, as the District Court noted, he argued changed the legal landscape regarding the distinction between elements of a crime and sentencing factors. Yates claimed specifically that his mandatory minimum life sentence under 21 U.S.C. § 848(b) for engaging in a continuing criminal enterprise ("CCE") is unconstitutional

---

[1] In O'Brien, the Supreme Court held that under 18 U.S.C. § 924, the statute prohibiting the use or carrying of a firearm in relation to a violent or drug trafficking crime, possession of a machinegun "[was] an element to be proved to the jury beyond a

because the indictment did not charge, and the jury never found, that he was a principal, organizer or leader of a criminal enterprise involving at least 1.5 kilograms of cocaine base.

The District Court dismissed Yates' § 2241 petition for lack of jurisdiction after concluding that his claims challenged the legality of his conviction and sentence and, therefore, were within the purview of a motion under § 2255. The District Court further concluded that § 2255 was not inadequate or ineffective so as to authorize the pursuit of a habeas corpus petition, and rejected Yates' argument that he should be able to proceed under § 2241 with his claim that he is "actually innocent" of being a principal in the CCE and, thus, of the resulting mandatory life sentence. The District Court determined that O'Brien is not an intervening change in the law and, moreover, that it did not have the effect of rendering Yates' conduct non-criminal. In fact, it found that O'Brien was not even directly applicable to Yates. Finally, the District Court noted that Yates' inability to satisfy § 2255's gatekeeping requirements before the Seventh Circuit Court of Appeals was an insufficient reason to allow him to pursue a § 2241 petition raising the same claim.

Yates sought to have the District Court reconsider its determination with a motion filed pursuant to Fed. R. Civ. P. 59(e). Citing to the Supreme Court's decisions in DePierre v. United States, __ U.S. __, 131 S. Ct. 2225 (2011), and Cole v. Arkansas, 333

_____

reasonable doubt," not a "sentencing factor" to be proved to the judge at sentencing. 130 S. Ct. at 2172, 2180.

4

U.S. 196 (1948), Yates argued that § 2241 was the appropriate remedy for a challenge to his 1997 conviction because his claims are based on a new statutory interpretation of 21 U.S.C. §§ 841(a)(1), 846 and 848(b). In particular, Yates claimed that the Supreme Court's holding in DePierre, 131 S. Ct. at 2227-28, that the references to "cocaine base" in 21 U.S.C. § 841(b)(1), meant not just cocaine base in crack form but all forms of cocaine base, rendered his indictment deficient and the evidence presented at trial insufficient to support the resulting conviction. This is so, according to Yates, because the jury was not asked to consider the type and quantity of controlled substance involved in the offense. Noting that Cole – a 1948 case – was certainly not an intervening change in law, and that Yates made no attempt to demonstrate that DePierre rendered his conduct innocent, the District Court denied reconsideration.

Yates filed a notice of appeal. He was directed to pay the filing and docketing fees to the District Court or to submit a motion to proceed *in forma pauperis* ("*ifp*"). While Yates timely delivered his *ifp* motion to prison officials, it was delayed in reaching this Court and his appeal was dismissed for failure to pay the fees. He was notified that if he wished for his *ifp* motion to be considered, he had to file a motion to reopen. Shortly thereafter, Yates filed a motion to reopen the appeal.

We grant Yates' motions to reopen and to proceed *ifp* on appeal. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss Yates' § 2241 petition is plenary, see Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002), and we review the District Court's order

5

denying his motion filed under Rule 59(e) for an abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas petitioner may seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. See In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, see Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief. See Cradle, 290 F.3d at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

We agree with the District Court that § 2241 is not the proper means for raising the claims Yates seeks to advance in the underlying petition. We further agree that Yates has not demonstrated that a § 2255 motion provides an inadequate or ineffective remedy in this case. As Yates himself appears to concede, the cases he cites – United States v. O'Brien, 130 S. Ct. 2169 (2010), and DePierre v. United States, 131 S. Ct. 2225 (2011) – do not reflect an intervening change in law which renders the crimes of which he was

6

convicted non-criminal. Additionally, even accepting, *arguendo*, his contention that the Supreme Court's decisions in those two cases represent a significant change in statutory construction or interpretation regarding the particular provisions at issue, Yates has failed to demonstrate how either of these cases could have an effect on his conviction or sentence as neither case has been held retroactively applicable.

Yates had a prior opportunity to challenge his sentence under § 2255, and he did so, albeit unsuccessfully. A § 2255 motion is not "inadequate or ineffective" merely because a petitioner cannot meet the stringent gatekeeping requirements of § 2255. Dorsainvil, 119 F.3d at 251. It follows, as the District Court concluded, that § 2241 is not the proper means of raising these claims and the District Court lacked jurisdiction to address them.

For the foregoing reasons and because the appeal presents no substantial question, we will summarily affirm the order of dismissal and the District Court's subsequent order denying reconsideration. See Third Circuit LAR 27.4 and I.O.P. 10.6.