J-S07012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOMINIQUE DANIELS, | |
| Appellant | No. 1892 EDA 2017 |

Appeal from the PCRA Order Entered May 5, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011105-2013

BEFORE:  BENDER, P.J.E. , PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 01, 2018**

Appellant, Dominique Daniels, appeals *pro se* from the post-conviction court's May 5, 2017 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant presents claims of ineffective assistance of counsel, and he also challenges the legality of his sentence.  After careful review, we affirm.

On June 22, 2015, Appellant entered a negotiated guilty plea to third-degree murder, possessing an instrument of crime, tampering with evidence, unsworn falsification to authorities, and false reports to police.  Appellant's convictions were premised on his murdering his stepmother, who suffered a total of 73 stab wounds, and 60 other cuts and lacerations, totaling "133 knife

related injuries." N.T. Plea/Sentencing Hearing, 6/22/15, at 44.[1] In exchange for pleading guilty, Appellant was sentenced on June 22, 2015, to an aggregate term of 25 to 50 years' incarceration. Appellant did not file a direct appeal.

On May 23, 2016, Appellant filed a *pro se* PCRA petition. Counsel was appointed, but rather than filing an amended petition on Appellant's behalf, counsel filed a petition to withdraw and a **Turner/Finley**[2] 'no-merit' letter. On March 24, 2017, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not respond, and on May 5, 2017, the court issued an order dismissing his petition and granting counsel's petition to withdraw.

Appellant filed a timely, *pro se* notice of appeal. He also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant raised the following claims:

A) The [PCRA] court abused its discretion when it denied [*sic*] [] Appelants [*sic*] PCRA petition that clearly raised and argued ineffective trial councel [*sic*].

B) Ineffective trial councel [*sic*]

---

[1] For a detailed recitation of the evidence the Commonwealth would have presented against Appellant at trial, **see id.** at 34-45.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

1) Trial councel [*sic*] was ineffectave [*sic*] for withholding sections of [the] discovery packet until the day [the] plea bargen [*sic*] was offered.

2) Trial councel [*sic*] was ineffectave [*sic*] for forcing false admition [*sic*] of guilt.

3) Trial councel [*sic*] was ineffectave [*sic*] for failing to submit [Appellant's] evidence to the courts[.]

4) Trial councel [*sic*] was ineffectave [*sic*] for advising and influsing [*sic*] [Appellant] to lie during [the] guilty plea acceptance hearing.

5) Trial councel [*sic*] was ineffectave [*sic*] for not allowing [Appellant] to rightfully and leagaly [*sic*] testify before the court[.]

Rule 1925(b) Statement, 7/25/17, at 2 (pages unnumbered; unnecessary capitalization omitted).

Herein, Appellant states the following two issues for our review, which we have reordered for ease of disposition:

1. Did the PCRA court deny [Appellant] his state and federal due process rights pursuant to **Cole v. Arkansas**[, 333 U.S. 196 (1948),] and its progeny because the PCRA court refused to correct [Appellant's] illegal sentence even though the Commonwealth conceded that [Appellant] was convicted and sentenced on offences [*sic*] for which he was never charged?

2. Did the PCRA court deny [Appellant] his state and federal constitutional rights to effective assistance of counsel pursuant to **Strickland v. Washington**, [104 S.Ct. 2053 (1984),] **Brady v. Maryland**[, 373 U.S. 83 (1963),] and their progenies because counsel 1) failed to investigate[,] 2) withheld exculpatory evidence[, and] 3) overrode [Appellant's] expressed desire to testify?

Appellant's Brief at vi (unnecessary capitalization omitted).

To begin, we recognize that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the

lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)).

In Appellant's first issue, he contends that because the trial court permitted the Commonwealth to amend the charges pending against him on the day he pled guilty, he was effectively "convicted and sentenced on offenses for which he was never charged[,]" thus rendering his sentence for those offenses illegal. Appellant's Brief at 6. Preliminarily, we agree with the Commonwealth that Appellant's sentencing claim does not constitute a challenge to the legality of his sentence. As the Commonwealth points out, "[o]ur Supreme Court has held that a claim involving the underlying charges does not implicate the legality of the sentence for those charges." Commonwealth's Brief at 11 (citing **Commonwealth v. Spruill**, 80 A.3d 453, 461-62 (Pa. 2013) ("[E]very criminal defense claim on direct appeal, if successful, will result in some effect upon the 'sentence,' since it is the judgment of sentence that is the appealable order. But, that does not convert all claims into sentencing claims, much less into claims that a sentence was 'illegal.'")). Because Appellant's sentencing claim does not implicate the legality of his sentence, we conclude that he has waived it by not raising it in his PCRA petition, or in his Rule 1925(b) statement. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the

Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Moreover, even if Appellant had asserted this issue in his PCRA petition and Rule 1925(b) statement, we would also deem it waived because he did not raise it in a direct appeal from his judgment of sentence. *See* 42 Pa.C.S. § 9543(a)(3) (stating that, to be eligible for PCRA relief, the petitioner must demonstrate his claim was not waived); 42 Pa.C.S. § 9544(b) (stating that under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding").

Notwithstanding Appellant's waiver of his sentencing claim, we note that we would deem it meritless. The record demonstrates that at the start of Appellant's guilty plea proceeding, the court permitted the Commonwealth to amend the charges against Appellant to include tampering with evidence, false reports to police, and unsworn falsification to authorities. *See* N.T. Plea/Sentencing at 6. Defense counsel stated that he had discussed those amendments with Appellant, and that the defense had no objection to the addition of those charges. *Id.* The court informed Appellant of the maximum sentences for each of his charges, including the amended offenses. *Id.* at 21-22. It also explained to Appellant the elements of all the offenses to which he was pleading guilty, including the three additional offenses that were added by the amendment. *Id.* at 25-30. Appellant confirmed that he understood those elements and the nature of the charges against him. *Id.* at 30, 46. He then stated he was guilty of each of the offenses of third-degree murder,

- 5 -

possessing an instrument of crime, false reports to police, tampering with evidence, and unsworn falsification to authorities. *Id.* at 50-51. The court accepted Appellant's plea and sentenced him for those crimes. *Id.* at 50, 59-60. In light of this record, we would ascertain nothing illegal, nor improper, regarding the Commonwealth's amendment of the charges against Appellant, or the court's imposition of his sentence for those offenses.

Next, we address Appellant's claim that his trial counsel acted ineffectively. We conclude that Appellant has waived his ineffectiveness issues for our review. In Appellant's *pro se* petition, his entire statement under the "facts in support of the alleged error(s) upon which [his] motion is based" was the following: "I had insufent [*sic*] counsel when accepting my plea bargain." *Pro Se* PCRA Petition, 5/23/16, at 3 (unnecessary capitalization omitted). Then, in the section of his petition where Appellant "ask[ed] that the [c]ourt consider the following argument, citation and discussion of authorities[,]" Appellant simply stated, "I had ineffective counsel[.]" *Id.* at 7. At no point in his *pro se* petition did Appellant specify any way in which counsel had rendered deficient representation. He also did not list any witnesses that he would call at an evidentiary hearing. On appeal, Appellant offers no explanation for why he was unable to assert his arguments with more specificity in his *pro se* petition. His failure to do so is especially curious given that he raised five particular claims of trial counsel's ineffectiveness in his Rule 1925(b) statement, and he articulates specific contentions on appeal. In light of this record, we conclude that Appellant waived his current claims for our

review by not specifically alleging them in his PCRA petition. *See* Pa.R.A.P. 302(a). Moreover, to the extent that the claims Appellant raises herein differ from those set forth in his Rule 1925(b) statement, they are waived on that basis as well. *See* Pa.R.A.P. 1925(b)(4)(vii).

Nevertheless, even had Appellant properly preserved the ineffectiveness claims he asserts herein, we would discern no abuse of discretion or error of law in the PCRA court's dismissing his petition. Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita***,* 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland, supra**). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. *See* [**Commonwealth v.**] **Pierce***,* [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali***,* 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson***,* [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. *See Ali, supra.* Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted

unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Colavita*, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. King*, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" *Ali*, 608 Pa. at 86–87, 10 A.3d at 291 (quoting *Commonwealth v. Collins*, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052)).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014).

Presently, Appellant contends that defense counsel acted ineffectively by not "conduct[ing] any reasonable investigation [or] present[ing] evidence to [the] courts." Appellant's Brief at 2. He also complains that defense counsel did not file any pretrial motions on his behalf, or ask for any continuances to "consult with [Appellant] and defense witnesses…." *Id.* at 3. Additionally, Appellant argues that defense counsel was ineffective for not examining Appellant's cell phone records, which he claims would have "confirm[ed] that Appellant was at his father's house" during the time of the victim's murder. *Id.* Appellant also avers that defense counsel was ineffective for not investigating Appellant's claim that the detective who first interviewed him caused him physical injuries, including a dislocated shoulder "and multiple lacerations…." *Id.* at 4. Finally, Appellant claims that defense counsel ineffectively "told [Appellant] that he did not believe it was a good idea for [Appellant] to take the stand because [the Commonwealth] would tear

[Appellant] to pieces." *Id.* at 5. Appellant maintains that counsel's ineffective advice in this regard denied him his right to testify and present a claim of self-defense. *Id.*

The record does not support Appellant's assertions of ineffective assistance of counsel. First, Appellant does not specifically articulate how counsel's alleged failings caused him to enter an involuntary plea. *See Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) ("A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty."). In any event, Appellant's underlying arguments are also meritless. For instance, Appellant does not explain what exculpatory evidence defense counsel would have uncovered with further investigation, what pretrial motions counsel should have filed, or what witnesses counsel unreasonably failed to interview.

We also point out that, at the guilty plea colloquy, the trial court explained the pretrial and trial process to Appellant in great detail, stressing that Appellant would have the right to call witnesses on his behalf, cross-examine any Commonwealth witnesses, and testify on his own behalf. N.T. Plea/Sentencing Hearing at 16. Among other things, the court also informed Appellant that if he went to trial, he could "present a defense, justification or excuse." *Id.* Appellant acknowledged that he understood that by pleading guilty, he was "giv[ing] up all those trial rights[.]" *Id.* at 19. Appellant also confirmed that no one had made any promises to him to induce his guilty plea,

- 9 -

nor had anyone threatened or "applied any force" to coerce him into pleading guilty. *Id.* at 24. Appellant stated that it was his decision to plead guilty, and he was making that decision of his own free will. *Id.* at 25. He confirmed that he had discussed the plea with his attorney, and that he was satisfied with his counsel's representation. *Id.* Defense counsel also declared that he had met with Appellant "on numerous occasions" to discuss "all options with [Appellant,]" and "it was [Appellant's] decision" to plead guilty. *Id.* at 49. Counsel further stated that Appellant "understood the ramifications of a guilty plea," and that on each of the "numerous occasions" that counsel spoke with Appellant, "there was never any sign of mental disability, disturbance or anything of that nature." *Id.* Counsel confirmed that Appellant had "always … been articulate, and understanding, and intelligent of his situation." *Id.*

We further point out that, in regard to Appellant's argument that counsel should have investigated his cell phone records, the Commonwealth stated at the plea proceeding that those records *disproved* Appellant's claim that he was staying at his father's house on the date the victim was murdered. *Id.* at 42-43. The record also belies Appellant's assertion that defense counsel was ineffective for not investigating Appellant's accusation that a detective caused his shoulder to be dislocated during an interview. At the plea colloquy, the Commonwealth explained that Appellant had been hospitalized with a dislocated shoulder *before* he was interviewed by a detective, and that Appellant had told police numerous times that his shoulder injury happened when he was "jumped, beat[en] and robbed" by "three unknown black males"

two days before his stepmother was found dead. *Id.* at 38. Finally, Appellant has not demonstrated that defense counsel's advice not to testify on his own behalf was unreasonable, where the Commonwealth's evidence that the victim suffered a total of "133 knife[-]related injuries[,]" including "73 stab wounds[,]" would have contradicted Appellant's claim of self-defense. *Id.* at 43-44.

In sum, Appellant has waived both his sentencing challenge and his ineffectiveness arguments for our review. Notwithstanding, we would deem all of Appellant's claims and sub-claims meritless, as they are not supported by the record of Appellant's guilty plea proceeding. There, Appellant was thoroughly colloquied, which demonstrated that he fully understood the consequences of pleading guilty, and that he was doing so intelligently and voluntarily. He also indicated that he was satisfied with defense counsel's representation. At the close of the proceeding, Appellant was sentenced in accordance with the negotiated plea. In light of this record, we would discern no abuse of discretion or error of law in the PCRA court's denying Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/1/18</u>